JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I. (a) PLAINTIFFS**

THERESA CLEMONDS, ET AL.

**DEFENDANTS**

ORTHO-MCNEIL PHARMACEUTICAL, INC., ET AL.

EDL ADR

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Rochester, NY
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Raritan, NJ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

SHAWN KHORRAMI, ESQ.          (213) 596-6000
DYLAN POLLARD, ESQ.
KHORRAMI, POLLARD & ABIR, LLP
444 S. Flower Street, 33rd Floor
Los Angeles, California  90071

ATTORNEYS (IF KNOWN)

CHARLES F. PREUSS, ESQ.          (415) 591-7500
BRENDA N. BUONAIUTO, ESQ.
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S . Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)   AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury | Seizure of | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault Libel & Slander | Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | Liability | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 490 Cable/Satellite TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/ disab - Empl | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer w/ disab - Other | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 U.S.C. Section 1332

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $   75,000+
UNDER F.R.C.P. 23   Excluding Interest and Costs.

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AN "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE February 26, 2008    SIGNATURE OF ATTORNEY OF RECORD   Brenda N. Buonaiuto
B.T. Buonaiuto

NDC-JS44

1  CHARLES F. PREUSS (State Bar No. 45783)
2  BRENDA N. BUONAIUTO (State Bar No. 173919)
   DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510
   charles.preuss@dbr.com
5  brenda.buonaiuto@dbr.com

6  Attorneys for Defendants
   ORTHO-MCNEIL PHARMACEUTICAL, INC., now
7  known as ORTHO-McNEIL-JANSSEN
   PHARMACEUTICALS, INC.,
8  and MCKESSON CORPORATION

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12 THERESA CLEMONDS, an individual;        Case No. **CV 08 1167**
   VALERI HAMILTON, an individual;
13 CLAUDIA MATAMOROS, an individual;       **NOTICE OF REMOVAL AND**
   LATASHA PRENTICE, an individual;        **REMOVAL OF ACTION UNDER 28**
14 MARGARET RAINEY, an individual;         **U.S.C. § 1441(b) [DIVERSITY]**
   FELECIA SOUTHWELL, an individual;
15 HALEY VANSANDT, an individual;

16              Plaintiffs,

17       v.

18 ORTHO-MCNEIL PHARMACEUTICAL,
   INC., a Delaware Corporation;
19 MCKESSON CORP. and DOES 1-500,
   inclusive,
20
                Defendants.
21

22

23  **TO THE CLERK OF THE COURT:**

24       Defendant Ortho-McNeil Pharmaceutical, Inc. ("OMP"), now known as Ortho-

25  McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), removes to this Court the state court

26  action described below, based on diversity of citizenship, pursuant to 28 U.S.C. §1332.

27  As detailed here, the Court should disregard the citizenship of defendant McKesson

28  Corporation ("McKesson") because plaintiffs fraudulently joined that defendant.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

396008v1       NOTICE OF REMOVAL AND REMOVAL                    CASE NO.

1

**BACKGROUND**

2      1.      On November 8, 2007, the Southern California law firms of Khorrami,

3   Pollard & Abir, LLP and Kabateck Brown Kellner LLP, along with the Colorado law

4   firm of Burg Simpson Eldredge Hersh Jardine PC, filed a Complaint in a personal injury

5   action in the Superior Court of California, County of San Francisco, entitled *Theresa*

6   *Clemonds, et al. v. Ortho-McNeil Pharmaceutical, Inc., McKesson Corp., and Does 1-*

7   *500, inclusive*, Case Number CGC-07-469001. A copy of the Complaint in that San

8   Francisco County state court action (the "Complaint") is attached as Exhibit A to the

9   accompanying Declaration of Brenda N. Buonaiuto ("Buonaiuto Dec.").

10     The seven individual plaintiffs in the action include residents of six states, who

11   seek damages for "potentially fatal side effects" they allegedly suffered from using the

12   Ortho Evra® contraceptive patch, available only by prescription and manufactured by

13   OMP, now known as OMJPI. (Complaint ¶¶ 1, 10-16.) Only two of the seven plaintiffs

14   reside in California, and they do not reside in San Francisco County, where this action

15   was filed. (Complaint ¶¶ 10-16.) Plaintiffs' claims have nothing in common, other than

16   that they all allege to have used Ortho Evra®. (*See* Complaint.) Plaintiffs allege causes

17   of action for Negligence, Strict Liability Failure to Warn, Breach of Express Warranty,

18   Breach of Implied Warranty, Negligent Misrepresentation, and Fraud against OMP, a

19   Delaware corporation with its principal place of business in New Jersey, now known as

20   OMJPI, a Pennsylvania corporation with its principal place of business also in New

21   Jersey. (Complaint ¶ 17; Buonaiuto Dec. ¶ 3.) Although devoid of any factual

22   allegations against McKesson, plaintiffs' complaint asserts those same claims against

23   McKesson, a Delaware corporation with its principal place of business in San Francisco,

24   California, whom plaintiffs allege "distributed and sold Ortho Evra in and throughout the

25   State of California." (Complaint ¶ 3; Declaration of Greg Yonko, filed in *Abel, Theresa,*

26   *et al. v. Ortho-McNeil Pharmaceutical, Inc., et al.*, USDC ND CA Case No. C 06 7551

27   SBA ("Yonko Dec."), attached to the Buonaiuto Dec. as Exhibit B, ¶ 2.)

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2

1

**BASIS FOR JURISDICTION**

2      2.      Basis for Jurisdiction in this Court.  This Court has original jurisdiction

3   over this action, and OMP, now known as OMJPI, may properly remove to this Court,

4   because the amount in controversy exceeds $75,000, exclusive of interest and costs, and

5   there is diversity of citizenship of all named parties not fraudulently joined.  28 U.S.C. §§

6   1332, 1441(a).

7      a.      Amount in Controversy.  Pursuant to California Code of Civil

8   Procedure Section 425.10(b), the amount of damages sought by plaintiffs is not stated in

9   the Complaint.  However, the seven plaintiffs claim that they have *each* "suffered and/or

10   may continue to suffer potentially fatal side effects such as strokes, pulmonary emboli,

11   blood clots, deep vein thrombosis, and heart attacks" from using Ortho Evra®.

12   (Complaint ¶ 1; *see also* ¶ 55, alleging that plaintiffs have suffered "diminished

13   enjoyment of life, strokes, pulmonary emboli, blood clots, deep vein thrombosis, and

14   heart attacks, as well as other severe permanent health problems.")  Plaintiffs further

15   allege that OMP, now known as OMJPI, engaged in "fraudulent" and "reckless" conduct,

16   giving rise to punitive damages claims.  (*See e.g.* Complaint ¶¶ 57D, 71, 81, 95, 109.)

17      Given the nature of plaintiffs' claims, and a review of damages awards and

18   settlement amounts in this judicial district, in cases involving allegations of serious

19   injuries from the use of prescription drugs or medical devices, it is reasonably believed

20   that, if plaintiffs succeeded in proving the allegations of the Complaint, they would each

21   recover a minimum of $75,000 in damages.  (Buonaiuto Dec. ¶ 11.)  Indeed, plaintiffs

22   claiming substantially similar injuries in the Ortho Evra® MDL have specifically alleged

23   that the amount in controversy in their respective actions exceeds $75,000, exclusive of

24   interest and costs.  (*Id.*)

25      It is therefore "facially apparent" from the nature of the claims alleged and the

26   types of damages sought that the amount in controversy as to each plaintiff in this action

27   exceeds $75,000, exclusive of interest and costs.  *See White v. FCI USA, Inc.*, 319 F.3d

28   672, 674 (5th Cir. 2003) (it was "facially apparent" that claim exceeded $75,000 based on

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

plaintiff's "lengthy list of compensatory and punitive damages"); *see also In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" due to use of prescription medicine); *International Padi, Inc. v. Diverlink*, 2005 WL 1635347, *1 (9th Cir. Cal. 2005) (court considered plaintiffs' general allegations of unspecified general and special damages "reasonably believed to be in excess of the jurisdictional limits" of the trial court and their request for injunctive relief to "easily conclude" that the $75,000 amount in controversy requirement was met).

         b.   Citizenship of the Parties. There is complete diversity of citizenship between those parties not fraudulently joined. As alleged in the Complaint, plaintiffs are citizens variously of Alabama, California, Missouri, New York, Texas, and Virginia. (Complaint ¶¶ 10-16.) At the time the state court action was filed, OMP was a corporation existing under the laws of the State of Delaware, with its principal place of business in New Jersey, and is now known as OMJPI, a corporation existing under the laws of the State of Pennsylvania, with its principal place of business also in New Jersey. (Buonaiuto Dec. ¶ 3.) Therefore, diversity of citizenship exists between those plaintiffs not fraudulently joined and OMP, now known as OMJPI, pursuant to 28 U.S.C. Section 1332.

         c.   Plaintiffs Fraudulently Joined McKesson. The only other named defendant in this action, McKesson, is a Delaware corporation with its principal place of business in San Francisco, California. (Yonko Dec. ¶ 2.) McKesson has no potential liability to plaintiffs or to any of them. Rather, plaintiffs named McKesson as a "sham" defendant in an effort to destroy diversity and to prevent this case from being removed to federal court and then transferred to the Ortho Evra® MDL, which is pending in the Northern District of Ohio. (Buonaiuto Dec. ¶ 6.)

      A defendant is fraudulently joined if "the plaintiff fails to state a cause of action against the defendant, and the failure is obvious according to the settled rules of the

1  state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (where non-
2  diverse defendant is fraudulently joined, there is an exception to the requirement of
3  complete diversity); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)
4  ("fraudulently joined defendants will not defeat removal on diversity grounds"). "When
5  determining whether a defendant is fraudulently joined, "[t]he court may pierce the
6  pleadings, consider the entire record, and determine the basis of joinder by any means
7  available."" *Maffei v. Allstate California Ins. Co.*, 412 F.Supp.2d 1049 (E.D.Cal. 2006),
8  *citing Lewis v. Time, Inc.*, 83 F.R.D. 455 (E.D.Cal. 1979) ("it is well settled that upon
9  allegations of fraudulent joinder ... federal courts may look beyond the pleadings to
10 determine if the joinder ... is a sham or fraudulent device to prevent removal"). If
11 revealed that the joinder is fraudulent, the Court may dismiss the sham defendant.
12 *Maffei, supra*. McKesson is so fraudulently joined here.

13         McKesson is fraudulently joined because plaintiffs have not made any material
14 allegations against it. *See e.g. Brown v. Allstate Insurance*, 17 F.Supp.2d 1134, 1137
15 (S.D.Cal. 1998) (finding in-state defendants fraudulently joined where "no material
16 allegations" against those defendants were made). Here, as demonstrated by the
17 Complaint, plaintiffs' claims are substantively directed against the manufacturer of Ortho
18 Evra® – OMP, now known as OMJPI, and not at McKesson. Indeed, none of plaintiffs'
19 factual allegations, on which all of their causes of action are based, involve McKesson.
20 (*See* "General Allegations" at Complaint ¶¶ 30-45.) Specifically, plaintiffs claim that:
21 OMP obtained FDA approval of Ortho Evra®, despite concerns about its safety; OMP
22 failed to appropriately warn users and prescribing health care providers of the alleged
23 serious risks of using Ortho Evra®; OMP failed to properly or adequately investigate
24 safety concerns about Ortho Evra®; OMP's conduct fell below the duty of care that it
25 allegedly owed to plaintiffs; OMP misrepresented the known risks associated with Ortho
26 Evra®; OMP negligently and recklessly failed to inform the public and prescribing health
27 care providers of the alleged risks of using Ortho Evra®; and OMP was careless and
28 negligent in its manufacturing, testing, selling, distributing, merchandising, advertising,

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

5

NOTICE OF REMOVAL AND REMOVAL                                    CASE NO.

1    promoting, packaging, and marketing of Ortho Evra®.[1]  (*Id.*)  Those allegations have

2    everything to do with the claimed acts and omissions of OMP, now known as OMJPI,

3    and nothing to do with McKesson.

4            The only factual allegations that do relate to McKesson fail to state a claim against

5    that defendant.  Plaintiffs allege that McKesson "distributed and sold Ortho Evra in and

6    throughout the State of California," and that McKesson "packaged, distributed, supplied,

7    sold, placed into the stream of commerce, labeled, described, marketed, advertised,

8    promoted and purported to warn or to inform users regarding the risks pertaining to, and

9    assuaged concerns about the pharmaceutical Ortho Evra."  (Complaint ¶¶ 3, 25.)  Notably

10   absent is any allegation that the plaintiffs or any of them fall within the general class of

11   "users" referenced by plaintiffs' conclusory allegations.  Even more telling, plaintiffs do

12   not allege that McKesson distributed or sold Ortho Evra® to any of the seven of them –

13   only two of whom even live in the State of California – or to any of their respective

14   health care providers or pharmacists, much less to all of them.  (*See* Complaint.)  Further,

15   the Complaint lacks any allegation that McKesson sold or distributed Ortho Evra®

16   outside the State of California, where the majority of the seven plaintiffs reside.  The

17   absence of such allegations compels the conclusion that plaintiffs fraudulently joined

18   McKesson in an attempt to defeat diversity jurisdiction.  *See e.g. Lyons v. American*

19   *Tobacco Co.*, 1997 WL 809677 at *5 (S.D. Ala. 1997) (holding that there is "no better

20   admission of fraudulent joinder" than the failure of plaintiff "to set forth any specific

21   factual allegations" against the non-diverse defendant).  Plaintiffs cannot cure this

22   deficiency by relying on allegations directed toward "Defendants" generally or toward

23   OMP.  *See In re PPA Products Liability Litigation*, MDL No. 1407, Docket No. C02-

24   423R (W.D.Wash. Nov, 27, 2002), Slip Op. at 5 (attached as Ex. C to Buonaiuto Dec.)

25   (allegations directed toward "defendants" or "all defendants" insufficient).

26

27         [1] As detailed in its Answer, filed simultaneously with this Removal, OMP, now known as OMJPI,
28   denies plaintiffs' allegations and denies that it is liable to plaintiffs in any manner or sum whatsoever.

NOTICE OF REMOVAL AND REMOVAL                                          6                                          CASE NO.

1    In short, plaintiffs fail to allege that they received Ortho Evra® sold or distributed

2  by McKesson, a prerequisite to their product liability claims. It is essential that a plaintiff

3  who claims that a product distributed by defendant was defective must prove that

4  defendant was the distributor. *Garcia v. Joseph Vince Co.*, 84 Cal.App.3d 868, 874

5  (1978) ("Regardless of the theory which liability is predicated upon ... it is obvious that to

6  hold a producer, manufacturer, or seller liable for injury caused by a particular product,

7  there must first be proof that the defendant produced, manufactured, sold, or was in some

8  way responsible for the product"). Notwithstanding, given that the crux of plaintiffs'

9  claims is an alleged failure to warn of the alleged risks of using Ortho Evra®, there is no

10  legal basis for the causes of action asserted against McKesson.

11    Under California law, McKesson bears no duty to warn. Rather, the "learned

12  intermediary doctrine" provides that the duty to warn of a drug's risk runs from the

13  manufacturer to the physician, and then from the physician to the patient. *See Brown v.*

14  *Superio Court (Abbott Labs.)*, 44 Cal.3d 1049, 1061-62, n.9 (1988); *Carlin v. Superior*

15  *Court (Upjohn Co.)*, 13 Cal.4th 1104, 1116 (1996). The rationale of the learned

16  intermediary doctrine is that the physician is in the best position to determine whether a

17  patient should use a prescription drug, and imposing a duty to warn on others would

18  threaten to undermine reliance on the physician's informed judgment. For this reason,

19  California courts have rejected imposing liability on distributors, including specifically

20  McKesson, for failure to warn of the risks of using a prescription drug. *See e.g. Barlow*

21  *v. Warner-Lambert Co.*, Case No. CV-03-1647-R(RZx), Slip Op. at 2 (C.D.Cal. April 28,

22  2003) (attached as Ex. D to the Buonaiuto Dec.) ("the Court finds that there is no

23  possibility that plaintiffs could prove a cause of action against McKesson, an entity which

24  distributed [the prescription medication at issue] to pharmacists in California;" motion to

25  remand denied); and *Skinner v. Warner-Lambert Co.*, Case No. CV-03-1643-R(RZx),

26  Slip Op. at 2 (C.D.Cal. April 28, 2003) (attached as Ex. E to Buonaiuto Dec.) (same).

27    Further, McKesson had no involvement in the development or preparation of the

28  prescribing information for Ortho Evra® and did not have any responsibility for the

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

7

NOTICE OF REMOVAL AND REMOVAL                                    CASE NO.

1  content of other written warnings concerning Ortho Evra®. (Yonko Dec. ¶ 5.) At no

2  time has McKesson had any involvement with the manufacture, development, testing,

3  packaging, labeling, advertising, promotion, or marketing of Ortho Evra®. (*Id.* ¶¶ 6-7.)

4  It is therefore a mystery why McKesson is named in this case, other than as a

5  "sham" defendant to destroy diversity jurisdiction and to prevent OMP, now known as

6  OMJPI, from removing the action to federal court and then transferring it to the Ortho

7  Evra® MDL. Courts have consistently ruled that such collusive tactics are not to be

8  recognized. *See e.g. Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593

9  (9th Cir. 1996) (noting there is no more reason for federal courts to countenance

10  destruction of jurisdiction by the use of straw parties than there is for them to

11  countenance the creation of jurisdiction in that manner). The Court should therefore

12  disregard the citizenship of McKesson in determining whether the requisite diversity

13  exists.

14  d.    Citizenship of Doe Defendants. Pursuant to 28 U.S.C. Section

15  1441(a), for purposes of removal, the citizenship of defendants Does 1-500 must be

16  disregarded because plaintiffs sued those defendants under fictitious names.

17  ## REMOVAL TIMELY FILED

18  3.    Service was made on the registered agent for service of process of OMP,

19  now known as OMJPI, on February 14, 2008. (Buonaiuto Dec. ¶ 3.) McKesson was

20  served, via its registered agent, on February 19, 2008. (Buonaiuto Dec. ¶ 4.) Therefore,

21  this Removal was timely filed within 30 days of service, pursuant to 28 U.S.C. § 1446(b).

22  ## CONSENT TO REMOVAL

23  4.    The only other named defendant, McKesson, was fraudulently joined, and

24  its consent is therefore not required for removal; notwithstanding, McKesson consents to

25  the removal by OMP, now known as OMJPI, of this action to this Court. (Buonaiuto

26  Dec. ¶ 4.)

27  ## STATE COURT WITHIN THE COURT'S JURISDICTION

28  5.    The San Francisco County, California Superior Court, from which OMP,

1  now known as OMJPI, removes this action, is within this Court's jurisdiction.

2  ## STATE COURT PLEADINGS

3       6.    Copies of the state court pleadings known to OMP, now known as OMJPI,

4  to have been filed in this action are collectively attached to the Buonaiuto Dec. as Exhibit

5  A.

6  ## FILING AND SERVICE OF NOTICE OF REMOVAL AND REMOVAL

7       7.    OMP, now known as OMJPI, will file a notice of the filing of this Notice of

8  Removal and Removal in the San Francisco County Superior Court and will serve

9  plaintiffs' counsel with a copy. (Buonaiuto Dec. ¶ 5.)

10      WHEREFORE, OMP, now known as OMJPI, hereby removes to this Court San

11  Francisco County Superior Court Case No. CGC-07-469001.

12

13  Dated: February 26, 2008                    DRINKER BIDDLE & REATH

14

15                                             CHARLES F. PREUSS

16                                             BRENDA N. BUONAIUTO
                                               Attorneys for Defendants
17                                             ORTHO-MCNEIL PHARMACEUTICAL,
                                               INC., now known as ORTHO-MCNEIL-
18                                             JANSSEN PHARMACEUTICALS, INC.,
19                                             and MCKESSON CORPORATION

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

NOTICE OF REMOVAL AND REMOVAL                              CASE NO.