

1  CHARLES F. PREUSS (State Bar No. 45783)
   BRENDA N. BUONAIUTO (State Bar No. 173919)
2  DRINKER BIDDLE & REATH LLP
   50 Fremont Street, 20th Floor
3  San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510
   charles.preuss@dbr.com
5  brenda.buonaiuto@dbr.com

6  Attorneys for Defendants
   ORTHO-MCNEIL PHARMACEUTICAL, INC., now
7  known as ORTHO-McNEIL-JANSSEN
   PHARMACEUTICALS, INC.,
8  and MCKESSON CORPORATION

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION

12  THERESA CLEMONDS, an individual;       Case No.    08    1167
    VALERI HAMILTON, an individual;
13  CLAUDIA MATAMOROS, an individual;      DEFENDANTS' ANSWER TO
    LATASHA PRENTICE, an individual;       COMPLAINT; DEMAND FOR JURY
14  MARGARET RAINEY, an individual;        TRIAL
    FELECIA SOUTHWELL, an individual;
15  HALEY VANSANDT, an individual;

16            Plaintiffs,

17       v.

18  ORTHO-MCNEIL PHARMACEUTICAL,
    INC., a Delaware Corporation;
19  MCKESSON CORP. and DOES 1-500,
    inclusive,
20
              Defendants.
21

22       Defendants Ortho-McNeil Pharmaceutical, Inc. ("OMP"), now known as Ortho-

23  McNeil-Janssen Pharmaceuticals, Inc. ("OMJPI"), and McKesson Corporation ("McKesson")

24  (collectively "Defendants"), by and through counsel, hereby respond to the allegations set

25  forth in Plaintiffs' Complaint (the "Complaint"), as follows:

26                    **ANSWER TO INTRODUCTION**

27       1.   Defendants are without knowledge or information sufficient to form a

28  belief as to Plaintiffs' allegations that they used ORTHO EVRA®.  Defendants deny the

DRINKER BIDDLE & REATH
LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94106

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

remaining allegations contained in paragraph 1 of Plaintiffs' Complaint.

2.    Defendants admit that OMP, now known as OMPJI, manufactured, advertised, promoted, marketed, sold and distributed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.    Defendants admit that McKesson is a non-exclusive distributor of ORTHO EVRA® and has its principal place of business in San Francisco, California. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

4.    Defendants admit that on the ORTHO EVRA® Web site, it stated that: "The transdermal -- or 'through the skin' -- weekly birth control patch prevents pregnancy by delivering continuous levels of the hormones norelgestromin and ethinyl estradiol (progestin and estrogen, respectively) through the skin and into the bloodstream." Defendants admit that the FDA approved the use of ORTHO EVRA® for the prevention of pregnancy in November 2001. Defendants further admit that the FDA's publications state what they state. Defendants deny the remaining allegations contained in paragraph 4 of Plaintiffs' Complaint.

### ANSWER TO JURISDICTION AND VENUE

5.    Paragraph 5 of Plaintiffs' Complaint contains legal conclusions to which no response is required.

6.    Defendants admit that OMP, now known as OMPJI, was a Delaware corporation with its principal place of business in New Jersey, that OMPJI is a Pennsylvania corporation with its principal place of business in New Jersey, and that McKesson is a Delaware corporation with its principal place of business in California. Defendants deny the remaining allegations contained in paragraph 6 of Plaintiffs' Complaint.

7.    Defendants admit that McKesson has its principal place of business in San Francisco, California. Defendants deny the remaining allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.    Defendants admit that McKesson has its principal place of business in San

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                                    CASE NO.

Francisco, California. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of Plaintiffs' Complaint.

## ANSWER TO PLAINTIFFS

10.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.    Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 15

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

3

of Plaintiffs' Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to where Plaintiff resides or Plaintiff's allegations that she was prescribed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

## ANSWER TO DEFENDANTS

17. Defendants admit that OMP, now known as OMPJI, was a Delaware corporation with its principal place of business in New Jersey and that OMPJI is a Pennsylvania corporation with its principal place of business in New Jersey. Defendants deny the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendants admit that OMP, now known as OMPJI, conducts business in California. Defendants deny the remaining allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of Plaintiffs' Complaint, and therefore these allegations are denied.

20. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of Plaintiffs' Complaint, and therefore these allegations are denied.

21. Defendants admit that OMP, now known as OMPJI, manufactured, marketed, promoted, sold and distributed ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendants admit that McKesson is a Delaware corporation with its principal place of business in San Francisco, California. Defendants further admit that McKesson conducts business in California. Defendants deny the remaining allegations contained in paragraph 22 of Plaintiffs' Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of Plaintiffs' Complaint, and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco CA 94105

4

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

1

2

therefore these allegations are denied.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of Plaintiffs' Complaint, and therefore these allegations are denied.

25. Defendants admit that McKesson is a non-exclusive distributor of ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. To the extent that paragraph 28 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

29. To the extent that paragraph 29 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

## ANSWER TO GENERAL ALLEGATIONS

30. OMP, now known as OMPJI, admits that on the OMP Web site, it stated that: "Ortho-McNeil Pharmaceutical is a pioneer in contraception and a leader in women's health care. Ortho-McNeil offers the broadest range of prescription birth control options..." OMP, now known as OMPJI, further admits that it manufactures and sells ORTHO EVRA®, the first combination transdermal contraceptive patch. Defendants deny the remaining allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. OMP, now known as OMPJI, admits that ORTHO EVRA® is the first and only once-a-week birth control patch. OMP, now known as OMPJI, further admits that on the ORTHO EVRA® Web site, it stated that: "The transdermal -- or 'through the skin' -- weekly birth control patch prevents pregnancy by delivering continuous levels of the hormones norelgestromin and ethinyl estradiol (progestin and estrogen, respectively)

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

5

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

through the skin and into the bloodstream." Defendants deny the remaining allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.    Defendants admit that a New Drug Application ("NDA") was filed for ORTHO EVRA®, denoted as 21-180, with the FDA in December 2000. Defendants further admit that the FDA Medical Officer's Review for ORTHO EVRA® states what it states.    Defendants deny the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.    Defendants admit that the FDA approved the use of ORTHO EVRA® for the prevention of pregnancy in November 2001.    Defendants deny the remaining allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.    Defendants admit that as with all prescription medicine, adverse events are reported to the FDA by a variety of people and entities. Defendants deny the remaining allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.    Defendants admit that the FDA's publications state what they state. Defendants deny the remaining allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.    Defendants admit that the November 2005 package insert for ORTHO EVRA® states what it states. To the extent that paragraph 36 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

37.    OMP, now known as OMPJI, admits that ORTHO EVRA® is the first and only once-a-week birth control patch.    Defendants deny the remaining allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.    Defendants deny the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.    Defendants admit that the package insert for ORTHO EVRA® states what it states.    To the extent that paragraph 39 of Plaintiffs' Complaint alleges improper conduct on the part of Defendants, such allegations are denied.

40.    Defendants deny the allegations contained in paragraph 40 of Plaintiffs'

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco CA 94105

6

Complaint.

41.    Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 41 of Plaintiffs' Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties.

42.    Defendants deny the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.    Defendants deny the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.    Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.    Defendants deny the allegations contained in paragraph 45 of Plaintiffs' Complaint.

### ANSWER TO FRAUDULENT CONCEALMENT

46.    Defendants deny the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.    Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 47 of Plaintiffs' Complaint to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties, and deny the remaining allegations contained in this paragraph.

### ANSWER TO FIRST CAUSE OF ACTION
### NEGLIGENCE

48.    Defendants repeat their answers to the allegations of paragraphs 1 through 47 of Plaintiffs' Complaint as if set forth at length herein.

49.    Defendants state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in paragraph 49 of the First Cause of Action of Plaintiffs' Complaint to the extent they suggest any different or greater duties.

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

7

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

Defendants further deny that they failed to abide by any applicable legal duties.

50.    Defendants deny the allegations contained in paragraph 50 of the First Cause of Action of Plaintiffs' Complaint.

51.    Defendants deny the allegations contained in paragraph 51 of the First Cause of Action of Plaintiffs' Complaint.

52.    Defendants deny the allegations contained in paragraph 52 of the First Cause of Action of Plaintiffs' Complaint.

53.    Defendants deny the allegations contained in paragraph 53 of the First Cause of Action of Plaintiffs' Complaint.

54.    Defendants deny the allegations contained in paragraph 54 of the First Cause of Action of Plaintiffs' Complaint.

55.    Defendants deny the allegations contained in paragraph 55 of the First Cause of Action of Plaintiffs' Complaint.

56.    Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 56 of the First Cause of Action of Plaintiffs' Complaint.

57.    Defendants deny the allegations contained in paragraph 57 of the First Cause of Action of Plaintiffs' Complaint.

58.    Defendants deny the allegations contained in paragraph 58 of the First Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 58.

## ANSWER TO SECOND CAUSE OF ACTION

## STRICT PRODUCT LIABILITY – FAILURE TO WARN

59.    Defendants repeat their answers to the allegations of paragraphs 1 through 58 of Plaintiffs' Complaint as if set forth at length herein.

60.    Defendants admit that OMP, now known as OMPJI, manufactures and supplies ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 60 of the Second Cause of Action of Plaintiffs' Complaint.

8

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

61. Defendants admit that OMP, now known as OMPJI, manufactures and supplies ORTHO EVRA®. Defendants deny the remaining allegations contained in paragraph 61 of the Second Cause of Action of Plaintiffs' Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the Second Cause of Action of Plaintiffs' Complaint.

63. Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 63 of the Second Cause of Action of Plaintiffs' Complaint.

64. Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 64 of the Second Cause of Action of Plaintiffs' Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Second Cause of Action of Plaintiffs' Complaint.

66. Defendants deny the allegation that ORTHO EVRA® is defective, and deny the remaining allegations contained in paragraph 66 of the Second Cause of Action of Plaintiffs' Complaint.

67. Defendants deny the allegations contained in paragraph 67 of the Second Cause of Action of Plaintiffs' Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Second Cause of Action of Plaintiffs' Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Second Cause of Action of Plaintiffs' Complaint.

70. Defendants deny the allegations contained in paragraph 70 of the Second Cause of Action of Plaintiffs' Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Second Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 71.

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

9

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                                    CASE NO.

## ANSWER TO THIRD CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

72.     Defendants repeat their answers to the allegations of paragraphs 1 through 71 of Plaintiffs' Complaint as if set forth at length herein.

73.     Defendants deny the allegations contained in paragraph 73 of the Third Cause of Action of Plaintiffs' Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of the Third Cause of Action of Plaintiffs' Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Third Cause of Action of Plaintiffs' Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of the Third Cause of Action of Plaintiffs' Complaint.

77.     Defendants deny the allegations contained in paragraph 77 of the Third Cause of Action of Plaintiffs' Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Third Cause of Action of Plaintiffs' Complaint.

79.     Defendants deny the allegations contained in paragraph 79 of the Third Cause of Action of Plaintiffs' Complaint.

80.     Defendants deny the allegations contained in paragraph 80 of the Third Cause of Action of Plaintiffs' Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of the Third Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 81.

## ANSWER TO FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

82.     Defendants repeat their answers to the allegations of paragraphs 1 through 81 of Plaintiffs' Complaint as if set forth at length herein.

83.     Defendants admit that OMP, now known as OMPJI, marketed, sold and

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND     CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

distributed ORTHO EVRA®, which is used for the prevention of pregnancy. Defendants further admit that McKesson is a non-exclusive distributor of ORTHO EVRA®, and deny that McKesson marketed or sold ORTHO EVRA®. The remainder of paragraph 83 of the Fourth Cause of Action of Plaintiffs' Complaint contains a legal conclusion to which no response is required.

84.    Paragraph 84 of the Fourth Cause of Action of Plaintiffs' Complaint contains legal conclusions to which no response is required.

85.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 85 of the Fourth Cause of Action of Plaintiffs' Complaint, and therefore these allegations are denied.

86.    Defendants deny the allegations contained in paragraph 86 of the Fourth Cause of Action of Plaintiffs' Complaint.

87.    Defendants deny the allegations contained in paragraph 87 of the Fourth Cause of Action of Plaintiffs' Complaint.

88.    Defendants deny the allegations contained in paragraph 88 of the Fourth Cause of Action of Plaintiffs' Complaint.

89.    Defendants deny the allegations contained in paragraph 89 of the Fourth Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 89.

## ANSWER TO FIFTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

90.    Defendants repeat their answers to the allegations of paragraphs 1 through 89 of Plaintiffs' Complaint as if set forth at length herein.

91.    Defendants admit that OMP, now known as OMPJI, manufactures, markets, promotes, and sells ORTHO EVRA®. Defendants further state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in this paragraph to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties, and deny

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

11

the remaining allegations contained in paragraph 91 of the Fifth Cause of Action of Plaintiffs' Complaint.

92. Defendants deny the allegations contained in paragraph 92 of the Fifth Cause of Action of Plaintiffs' Complaint.

93. Defendants deny the allegations contained in paragraph 93 of the Fifth Cause of Action of Plaintiffs' Complaint.

94. Defendants deny the allegations contained in paragraph 94 of the Fifth Cause of Action of Plaintiffs' Complaint.

95. Defendants deny the allegations contained in paragraph 95 of the Fifth Cause of Action of Plaintiffs' Complaint.

96. Defendants deny the allegations contained in paragraph 96 of the Fifth Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 96.

## ANSWER TO SIXTH CAUSE OF ACTION

### FRAUD

97. Defendants repeat their answers to the allegations of paragraphs 1 through 96 of Plaintiffs' Complaint as if set forth at length herein.

98. Defendants admit that OMP, now known as OMPJI, manufactures, markets, promotes, and sells ORTHO EVRA®. Defendants further state that they were subject only to those duties imposed by applicable law, and deny the allegations contained in this paragraph to the extent they suggest any different or greater duties. Defendants further deny that they failed to abide by any applicable legal duties, and deny the remaining allegations contained in paragraph 98 of the Sixth Cause of Action of Plaintiffs' Complaint.

99. Defendants deny the allegations contained in paragraph 99 of the Sixth Cause of Action of Plaintiffs' Complaint.

100. Defendants deny the allegations contained in paragraph 100 of the Sixth Cause of Action of Plaintiffs' Complaint.

12

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

101.    Defendants deny the allegations contained in paragraph 101 of the Sixth Cause of Action of Plaintiffs' Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the Sixth Cause of Action of Plaintiffs' Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the Sixth Cause of Action of Plaintiffs' Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the Sixth Cause of Action of Plaintiffs' Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the Sixth Cause of Action of Plaintiffs' Complaint.

106.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiffs' states of mind.    Defendants deny the remaining allegations contained in paragraph 106 of the Sixth Cause of Action of Plaintiffs' Complaint.

107.    Defendants deny the allegations contained in paragraph 107 of the Sixth Cause of Action of Plaintiffs' Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Sixth Cause of Action of Plaintiffs' Complaint.

109.    Defendants deny the allegations contained in paragraph 109 of the Sixth Cause of Action of Plaintiffs' Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Sixth Cause of Action of Plaintiffs' Complaint and controvert the prayers for relief set forth in the unnumbered paragraph following paragraph 110.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Venue is improper in this court.

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                                    CASE NO.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs are fraudulently joined and/or misjoined, and the court should sever Plaintiffs' claims and/or enter other appropriate orders to avoid prejudice, unfairness, hardship, delay, and undue expense and to promote convenience and expedience.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent certain Plaintiffs have asserted duplicative claims in one or more other actions pending against some or all of the same defendants.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations, statute of repose and/or by the equitable doctrines of laches and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of informed consent, release and waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the alleged damages, if any are proven, were not proximately caused by any act or omission of any of the Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were a direct and proximate result of a responsible, superseding, and/or intervening cause.

## NINTH AFFIRMATIVE DEFENSE

Defendants state that if Plaintiffs have suffered any of the injuries, losses and damages alleged, then said injuries, losses and damages were due to an allergic, idiosyncratic or idiopathic reaction to the product at issue in this case, or by an unforeseeable illness, unavoidable accident or preexisting condition, without any

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

14

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                                    CASE NO.

1

2   negligence and culpable conduct by Defendants.

3                            **TENTH AFFIRMATIVE DEFENSE**

4       Plaintiffs' injuries and damages, if any, were caused in whole or in part by the acts

5   (wrongful or otherwise), negligence, sole fault, misuse, abuse, modification, alteration,

6   omission or fault of one or more persons or entities over whom Defendants exercised no

7   control and for whom Defendants are not legally responsible, including, without

8   limitation, Plaintiffs.

9                          **ELEVENTH AFFIRMATIVE DEFENSE**

10      Plaintiffs failed to exercise reasonable care and diligence to mitigate injuries and

11  damages, if any.

12                          **TWELFTH AFFIRMATIVE DEFENSE**

13      Plaintiffs' claims are barred by the "state of the art" and "state of scientific

14  knowledge" defenses.

15                        **THIRTEENTH AFFIRMATIVE DEFENSE**

16      Plaintiffs' claims are barred by the Learned Intermediary Doctrine.

17

18                        **FOURTEENTH AFFIRMATIVE DEFENSE**

19      The product at issue in this case falls under the auspices of the Food, Drug and

20  Cosmetic Act and regulations promulgated by the Federal Food & Drug Administration,

21  and therefore, Federal law preempts Plaintiffs' claims. *See*, 21 U.S.C. §301 *et. seq*. *See*

22  *also*, 71 Fed. Reg. 3922 (January 24, 2006).

23                         **FIFTEENTH AFFIRMATIVE DEFENSE**

24      Defendants did not make to Plaintiffs nor did they breach any express or implied

25  warranties and/or breach any warranties created by law. To the extent that Plaintiffs rely

26  on any theory of breach of warranty, such claims are barred by applicable law, and for

27  lack of privity with Defendants and/or for failure of Plaintiffs, or Plaintiffs'

28  representatives, to give timely notice to Defendants of any alleged breach of warranty.

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

15

Plaintiffs did not rely on any alleged warranty. Defendants further specifically plead as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code existing and which may arise in the future, as enacted in the State of California, and any other state whose law is deemed to apply in this case.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by comments j and k to Section 402A of the Restatement (Second) of Torts.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of product defects are barred by Section 2, 4, and 6(c) and (d) of the Restatement (Third) of Torts: Products Liability.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' product liability claims are barred because the benefits of the relevant product outweighed its risks.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or part because the product at issue was at all times properly prepared, packaged, and distributed, and was not defective or unreasonably dangerous.

## TWENTIETH AFFIRMATIVE DEFENSE

Any imposition of punitive damages in this case against Defendants is barred to the extent that the manner in which such punitive damages are calculated violates the Constitution of the United States or the Constitution of the State of California.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any award of punitive damages in this case against Defendants is barred to the extent that the amount of such an award violates the Constitution of the United States or the Constitution of the State of California.

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                                    CASE NO.

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2

3

Plaintiffs have failed to plead fraud with specificity.

4

## TWENTY-THIRD AFFIRMATIVE DEFENSE

5

Defendants are entitled to a setoff for all amounts paid, payable by or available

6

from collateral sources.

7

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

8

The Complaint fails to state a cause of action against Defendants because there is

9

no private right of action under the applicable federal law. To the extent Plaintiffs'

10

claims are based on alleged misrepresentations or omissions made to FDA, such claims

11

are barred pursuant to *Buckman v. Plaintiffs' Legal Community*, 531 U.S. 341 (2001).

12

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

13

Plaintiffs knowingly and voluntarily assumed any and all risks associated with the

14

use of the product at issue, barring in whole or in part the damages Plaintiffs seek to

15

recover.

16

17

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

18

In the event Defendants, or any of them, are held liable to Plaintiffs, or any of

19

them, which liability is expressly denied, or a settlement of judgment against Defendants,

20

or any of them, is reached, Defendants request an apportionment of fault be made as

21

permitted by *Li v. Yellow Cab Company*, 13 Cal.3d 804 (1975) and *American Motorcycle*

22

*Association v. Superior Court*, 20 Cal.3d 578 (1987) and a judgment and declaration of

23

indemnification and contribution be entered against all other persons and entities in

24

accordance with that apportionment of fault.

25

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

26

The amount of any award on behalf of Plaintiffs, or any of them, for non-

27

economic loss must be allocated according to the provisions of California Civil Code

28

Section 1431.2 ("Proposition 51").

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco  CA  94105

17

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                    CASE NO.

1

## TWENTY- EIGHTH AFFIRMATIVE DEFENSE

2

3        Defendants specifically reserve the right to amend their Answer by adding

4    defenses, counterclaims, cross claims or by instituting third party actions as additional

5    facts are obtained.

6        WHEREFORE, having fully answered, Defendants specifically controvert

7    Plaintiffs' Prayer for Relief including Paragraphs (1)-(6).

8                               ## JURY DEMAND

9        Defendants hereby demand a trial by jury of all the facts and issues in this case

10    pursuant to Federal Rule of Civil Procedure 38(b).

11

12    Dated:  February 26, 2008               DRINKER BIDDLE & REATH

13

14                                              CHARLES F. PREUSS

15                                              BRENDA N. BUONAIUTO
                                                Attorneys for Defendants
16                                              ORTHO-MCNEIL PHARMACEUTICAL,
                                                INC., now known as ORTHO-MCNEIL-
17                                              JANSSEN PHARMACEUTICALS, INC.,
18                                              and MCKESSON CORPORATION

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH
LP
50 Fremont Street, 20th Floor
San Francisco CA 94105

18

DEFENDANTS' ANSWER TO COMPLAINT; JURY DEMAND                          CASE NO.